**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERTA J. HAERTEL,

*Plaintiff*,

*v*.

MICHIGAN DEPARTMENT OF COORECTIONS, HEIDI WASHINGTON, CATHERINE BAUMAN, CONNIE HORTON, BEAULIEU, ORMSBY, LEWIS, McCOLLUM, SHEILA O'BRIEN, ROBIN MYERS, ROBERT NAPEL, RICHARD RUSSELL, CAROLYN NELSON, NICKI WILSON, BARBARA STORY, and NORMA KILLOUGH,

*Defendants*.
______________________________________/

CASE NO. 19-13701

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT & RECOMMENDATION ON 28 U.S.C. § 1915 *SUA SPONTE* SCREENING and PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16)**

## I. Recommendation

Plaintiff Roberta Haertel filed this action *pro se* against the above Defendants on December 17, 2019. (ECF No. 1.) Plaintiff is not, nor has she recently been, a prisoner; her "gentleman friend" is a prisoner. She brings this action under 42 U.S.C. § 1983, alleging that they violated numerous constitutional rights.

Plaintiff's obligation to prepay filing fees has been waived, subjecting his complaint to screening by the Court. 28 U.S.C. § 1915. For the reasons below, I **RECOMMEND** the case be **SUA SPONTE DISMISSED** for failure to state a claim upon which relief can be

granted and that Plaintiff's Motion for summary judgment (ECF No. 16) be **DENIED** as **MOOT**.

## II. Report

Plaintiff is proceeding IFP, subjecting her claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints

must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he or she complains was committed by a person acting under color of state law and (2) the conduct deprived him or her of a federal constitutional or statutory right. In addition, a plaintiff must allege that he or she suffered a specific injury because of the conduct of a particular defendant and must allege an affirmative link between the injury and that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff's complaint alleges that she was "charge[d] falsely with smuggling out of a prison pursuant to M.D.O.C.'s Policy Directive 791.6611(2)(a), because of dozens of phone calls complaining about these public officials treatment of her gentleman friend of

over 22 years." (ECF No. 1, PageID.5.) Plaintiff further alleges that "[t]here was no allegation of smuggling by M.D.O.C. officials at anytime during the visiting dates. This conviction on 12-19-18 by the Hearing Officer O'Brien was determined on insufficient evidence because it was in retaliation to stop this Plaintiff from making phone calls to the URF prison and upheld by their superiors in Lansing." (*Id.*) Plaintiff attaches a multitude of paperwork regarding her prisoner friend, Tod Houthhoofd #596112, including the prisoner hearing reports, the prisoner's request for rehearing of the visitor restriction that was imposed on him because of the smuggling charges, and Plaintiff's request for rehearing based on the "permanent visitor restriction" that was imposed on the prisoner. (ECF No. 1, PageID.11-100.)

Although Plaintiff contends that her actions prompted the Defendants to retaliate against her prisoner friend, it is her friend who was subjected to the hearings and restrictions that she complains about. Thus, it is her prisoner friend who has suffered the consequences, not Plaintiff. Plaintiff's prisoner friend is not a named Plaintiff. As a *pro se* litigant, Plaintiff represents herself and she may not appear on another person's behalf to redress any wrongs against him. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). In addition, since a Plaintiff can only "assert claims that are personal to him," Plaintiff lacks standing to assert a claim on behalf of her gentleman friend. *Lacy v. Spearman*, 2012 WL 6084645, at *2 (W.D. Ky Dec. 6, 2012)(also noting that "[p]risoners do not have a fundamental right to visitation").[1] Had Plaintiff been arrested for and prosecuted for

[1] I note that even if Plaintiff's prisoner friend were bringing the claims himslef, he would not necessarily fare much better. *Bostrom v. Rowland*, 2015 WL 4546582, at * (W.D. Mich. July 28,

smuggling under state law, then she would be better positioned to file a claim on her own behalf for perhaps malicious prosecution or other related claims. See, e.g., *Chimurenga v. City of New York*, 45 F. Supp. 2d 337 (S.D. N.Y. 1999). However, she has not alleged any harm to herself, instead the only harm complained of was inflicted on her prisoner friend through a permanent visitor restriction. Thus, she lacks standing and she fails to state a claim for which relief can be granted.

## III. Conclusion

For the reasons above, I recommend I **RECOMMEND** the case be **SUA SPONTE DISMISSED** for failure to state a claim upon which relief can be granted and that Plaintiff's Motion for summary judgment (ECF No. 16) be **DENIED** as **MOOT**.

## IV. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections

2015)("Plaintiff cannot state an Eighth Amendment claim based on his mother's permanent visitor restriction because enforcement of the visitor restriction regulation does not create 'inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur" nor did plaintiff state a due process claim where he received all the process that was due through prison hearings even if he disagreed with the results); *Poole v. O'Brien*, 2014 WL 5105177, at *3 (W.D. Mich. Sept. 22, 2014)(where permanent visitor restriction was placed after hearing opportunities, "[i]t is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated" and noting that hearing officers are entitled to absolute immunity).

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Caldwell v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 26, 2020

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Roberta J. Haertel at 306 S. Walnut St., Apt. 907, Bay City, MI 48706.

Date: March 26, 2020

By s/Kristen Castaneda
Case Manager