UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERTA J. HAERTEL,

        Plaintiff,                              Case No. 19-13701

v.                                              Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF
COORECTIONS, HEIDI WASHINGTON,
CATHERINE BAUMAN, CONNIE HORTON,
BEAULIEU, ORMSBY, LEWIS, McCOLLUM,
SHEILA O'BRIEN, ROBIN MYERS,
ROBERT NAPEL, RICHARD RUSSELL,
CAROLYN NELSON, NICKI WILSON,
BARBARA STORY, and NORMA KILLOUGH,

        Defendants.

_____/

**<u>ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, AND DISMISSING COMPLAINT</u>**

On December 17, 2019, Plaintiff Roberta Haertel filed a complaint against the Michigan Department of Corrections and fifteen of its employees. ECF No. 1. Plaintiff claims that on November 16, 2018 and November 25, 2018 she was visiting her "gentleman friend," Tod Houthoofd who is an inmate in the Michigan Department of Corrections. ECF No. 1. She claims that during these two visits, the "visiting room officer" provided her with "pencil and paper to take some notes." *Id.* at PageID.6. She was subsequently "charge[d] falsely with smuggling out of a prison pursuant to M.D.O.C.'s Policy Directive 791.6611(2)(a), because of dozens of phone calls complaining about these public officials treatment of her gentleman friend of over 22 years." ECF No. 1, PageID.5. Plaintiff further alleges that "[t]here was no allegation of smuggling by M.D.O.C. officials at anytime during the visiting dates. This conviction on 12-19-18 by the Hearing Officer

O'Brien was determined on insufficient evidence because it was in retaliation to stop this Plaintiff from making phone calls to the URF prison and upheld by their superiors in Lansing." *Id.*

Plaintiff attached to her complaint more than one hundred pages of documents regarding Houthoofd. This included the prisoner hearing reports, the prisoner's request for rehearing of the visitor restriction that was imposed on him because of the smuggling charges, and Plaintiff's request for rehearing based on the "permanent visitor restriction" that was imposed on the prisoner. ECF No. 1, PageID.11-100; ECF No. 1-1.

Plaintiff's complaint was referred to Magistrate Judge Morris who recommended that Plaintiff's complaint be dismissed. Her recommendation provides:

> Although Plaintiff contends that her actions prompted the Defendants to retaliate against her prisoner friend, it is her friend who was subjected to the hearings and restrictions that she complains about. Thus, it is her prisoner friend who has suffered the consequences, not Plaintiff. Plaintiff's prisoner friend is not a named Plaintiff. As a *pro se* litigant, Plaintiff represents herself and she may not appear on another person's behalf to redress any wrongs against him. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). In addition, since a [p]laintiff can only "assert claims that are personal to him," Plaintiff lacks standing to assert a claim on behalf of her gentleman friend. *Lacy v. Spearman*, 2012WL 6084645, at *2 (W.D. Ky Dec. 6, 2012)…[S]he has not alleged any harm to herself, instead the only harm complained of was inflicted on her prisoner friend through a permanent visitor restriction. Thus, she lacks standing and she fails to state a claim for which relief can be granted.

ECF No. 17 at PageID.214-15.

Plaintiff has filed objections to Judge Morris's Report and Recommendation. The objections will be overruled.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections

are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Plaintiff filed fourteen objections to Judge Morris's report. In her first, fifth, sixth, seventh, and eleventh objections, Plaintiff claims that Judge Morris failed to address her claims. Judge Morris was not required to address Plaintiff's claims because she found that Plaintiff lacked

standing which is fatal to any complaint. Accordingly, Plaintiff's first, fifth, sixth, seventh, and eleventh objections will be overruled.

In her second objection, Plaintiff takes issue with Judge Morris's observation that the complaint contains "labels and conclusions." ECF No. 23 at PageID.263. Judge Morris did not recommend dismissing Plaintiff's claim because of these "labels and conclusions." Instead, she recommended dismissing the complaint because Plaintiff lacks standing. Plaintiff's objection does not address her lack of standing and will be overruled.

In her third objection, Plaintiff claims that she has standing because:

> It is this Plaintiff who suffers. This Plaintiff has only represented herself; not Tod Houthoofd. It was Tod Houthoofd who had his property destroyed by guards in which he was being denied the proper forms to make a claim by prison staff, which caused this Plaintiff the prison complaining about their job performance in not giving Tod Houthoofd his claim forms.

ECF No. 23 at PageID.264. This objection is illogical. Plaintiff first claims that she is not representing Houthoofd, but in the next sentence, describes the alleged injuries suffered by Houthoofd. Plaintiff makes no mention of the injuries that she allegedly sustained. The objection will be overruled.

Plaintiff's fourth objection provides:

> Plaintiff did allege harm to herself of intentional emotional distress and defamation causing physical pain and a heart condition and did not complain of any harm inflicted upon her prisoner friend; who has regained his visitation rights.

*Id.* at PageID.265. Plaintiff does not identify where in her complaint she brought a claim of "intentional emotional distress and defamation." A review of her complaint indicates that it does not contain any such claim. Accordingly, the objection will be overruled.

In her eighth objection, Plaintiff expresses puzzlement regarding Judge Morris' *sua sponte* dismissal of her complaint. However, Judge Morris explained in her report the justification for the dismissal.

> Plaintiff is proceeding IFP, subjecting her claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B)…Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

ECF No. 17 at PageID.212. Judge Morris determined that Plaintiff's complaint failed to state a claim because Plaintiff lacked standing to bring the complaint. Accordingly, Plaintiff's eighth objection will be overruled.

In her ninth objection, Plaintiff takes issue with Judge Morris's reference to the more than one hundred pages attached to her complaint as "paperwork regarding her gentleman friend." ECF No. 23 at PageID.270. Plaintiff contends that contrary to Judge Morris's description, the paperwork all belonged to Plaintiff, not her gentleman friend. However, Plaintiff's nuanced characterization of the ownership of the paperwork does not resolve the fact that Plaintiff lacks standing. Her ninth objection will be overruled.

In her tenth objection, Plaintiff contends that Judge Morris erred when she stated that "it is clear that plaintiff received due process of law and that he cannot support any claim that his constitutional rights were violated." ECF No. 23 at PageID.270. Plaintiff argues that "This statement from the report is not true. The Plaintiff asserts that **her** constitutional rights and due process of law were violated." *Id.* (emphasis in original). However, the language that Plaintiff

quotes is not referring to either Plaintiff or her gentleman friend. Instead, it is an explanatory parenthetical of the case *Poole v. O'Brien*, 2014 WL 5105177 (W.D. Mich. Sept. 22, 2014) to which Judge Morris was citing. Plaintiff's tenth objection will be overruled.

In her twelfth objection, Plaintiff claims that she alleged in her complaint that she had suffered harm, specifically "a permanent visitor restriction that was placed on her on December 19, 2018 and is still in place to this day." ECF No. 23 at PageID.271-72. She claims that "it is this visitor restriction that was attached to her complaint." *Id.*

Plaintiff's complaint does not once claim that she has been permanently prohibited from visiting her gentleman friend. She now claims that the visitor restriction paperwork was attached to her complaint. As explained above, Plaintiff attached over one hundred pages of miscellaneous documents to her complaint. She provided no index nor explanation for which documents were specifically provided nor did she explain how they related to her claim. A plaintiff cannot expect a court to search through such a voluminous record and decipher her specific claims for her. "Judges are not like pigs, hunting for truffles that might be buried in the record." *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (quotations omitted). Plaintiff is proceeding *pro se* which requires the Court to construe her filings liberally. However, this does not require the Court to construct and argue Plaintiff's complaint on her behalf. Accordingly, Plaintiff's twelfth objection will be overruled.

In her thirteenth and fourteenth objections, Plaintiff argues that Defendants failed to respond to her complaint as well as her motion for summary judgment. Plaintiff's argument is moot because she lacks standing. Her thirteenth and fourteenth objections will be overruled.

### III.

- 7 -

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 23, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 17, is **ADOPTED**.

It is further **ORDERED** that the parties' pending motions, ECF Nos. 16, 19, 24, and 28, are **DENIED** as moot.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED**.

Dated: May 18, 2020                                     s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Roberta J. Haertel,** 306 S. Walnut St., Apt 907, Bay City, MI 48706 by first class U.S. mail on May 18, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager