UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERTA J. HAERTEL,

        Plaintiff,                        Case No. 19-13701

v.                                                       Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
CATHERINE BAUMAN, CONNIE HORTON,
BEAULIEU, ORMSBY, LEWIS, McCOLLUM,
SHEILA O'BRIEN, ROBIN MYERS,
ROBERT NAPEL, RICHARD RUSSELL,
CAROLYN NELSON, NICKI WILSON,
BARBARA STORY, and NORMA KILLOUGH,

        Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION CONTENDING UNTIMELINESS OF ANSWER**

On December 17, 2019, Plaintiff Roberta Haertel filed a complaint against the Michigan Department of Corrections and fifteen of its employees. ECF No. 1. Plaintiff claims that on November 16, 2018 and November 25, 2018 she was visiting her "gentleman friend," Tod Houthoofd who is an inmate in the Michigan Department of Corrections. ECF No. 1. She claims that during these two visits, the "visiting room officer" provided her with "pencil and paper to take some notes." *Id.* at PageID.6. She was subsequently "charge[d] falsely with smuggling out of a prison pursuant to M.D.O.C.'s Policy Directive 791.6611(2)(a), because of dozens of phone calls complaining about these public officials treatment of her gentleman friend of over 22 years." ECF No. 1, PageID.5. Plaintiff further alleges that "[t]here was no allegation of smuggling by M.D.O.C. officials at anytime during the visiting dates. This conviction on 12-19-18 by the Hearing Officer

O'Brien was determined on insufficient evidence because it was in retaliation to stop this Plaintiff from making phone calls to the URF prison and upheld by their superiors in Lansing." *Id.*

Plaintiff attached to her complaint more than one hundred pages of documents regarding Houthoofd. This included the prisoner hearing reports, the prisoner's request for rehearing of the visitor restriction that was imposed on him because of the smuggling charges, and Plaintiff's request for rehearing based on the "permanent visitor restriction" that was imposed on the prisoner. ECF No. 1, PageID.11-100; ECF No. 1-1.

Plaintiff's complaint was referred to Magistrate Judge Morris who recommended that Plaintiff's complaint be dismissed. Her recommendation provides:

> Although Plaintiff contends that her actions prompted the Defendants to retaliate against her prisoner friend, it is her friend who was subjected to the hearings and restrictions that she complains about. Thus, it is her prisoner friend who has suffered the consequences, not Plaintiff. Plaintiff's prisoner friend is not a named Plaintiff. As a *pro se* litigant, Plaintiff represents herself and she may not appear on another person's behalf to redress any wrongs against him. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). In addition, since a [p]laintiff can only "assert claims that are personal to him," Plaintiff lacks standing to assert a claim on behalf of her gentleman friend. *Lacy v. Spearman*, 2012WL 6084645, at *2 (W.D. Ky Dec. 6, 2012)…[S]he has not alleged any harm to herself, instead the only harm complained of was inflicted on her prisoner friend through a permanent visitor restriction. Thus, she lacks standing and she fails to state a claim for which relief can be granted.

ECF No. 17 at PageID.214-15.

Plaintiff filed fourteen objections to Judge Morris's Report and Recommendation. ECF No. 23. The objections were overruled and Plaintiff's complaint dismissed. ECF No. 29.

**I.**

Plaintiff has now filed a motion for reconsideration of the Court's order. ECF No. 32. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order but must do so within fourteen days of the order's entry. A

motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

In her motion for reconsideration, Plaintiff argues that the Court erred in its previous order because she is bringing her claims on her own behalf, not on the behalf of Houthoofd. ECF No. 32. This argument has already been rejected by both Judge Morris in her Report and Recommendation and this Court in its order. ECF Nos. 17, 29. The Court will not entertain the argument a third time.

**II.**

Plaintiff has also filed a motion contending that Defendants did not respond to her complaint within the timeframe directed by law. ECF No. 31. Contrary to Plaintiff's allegation, the Defendants did timely respond to her complaint. Federal Rule of Civil Procedure 12 provides, "A defendant must serve an answer…[w]ithin 21 days after being served with the summons and complaint." Fed. R. Civ. Pr. 12(a)(1)(A)(i). The individual Defendants were served process on March 9, 2020 through March 11, 2020.[1] ECF No. 25. In compliance with Rule 12, Defendants filed their motion to dismiss on March 30, 2020. ECF No. 19.

---

[1] Defendant Sheila O'Brien was not served process. Her summons were returned by the post office and deemed unexecuted. ECF No. 34.

Plaintiff's motion will be denied as moot since her complaint has already been dismissed. However, her motion would be denied regardless because the Defendants filed their responsive pleading within the time allotted under Rule 12.

### III.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 32, is **DENIED**.

It is further **ORDERED** that Plaintiff's motion contending that Defendants did not answer her complaint in a timely fashion, ECF No. 31, is **DENIED AS MOOT**.

Dated: August 7, 2020                       s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Roberta J. Haertel,** 306 S. Walnut St, Apt 907, Bay City, MI 48706 by first class U.S. mail on August 7, 2020.

                                            s/Kelly Winslow
                                            KELLY WINSLOW, Case Manager